989 F.2d 497
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Andrew WILDER, Defendant-Appellant.
 No. 92-5622.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-91-59)
 Edwin C. Walker, Assistant Federal Public Defender, for Appellant.
 Margaret Person Currin, United States Attorney, Robert D. Potter, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Terry Andrew Wilder entered a guilty plea to possession of crack cocaine with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp. 1992)), carrying a firearm in relation to a drug trafficking crime (18 U.S.C.A. § 924(c) (West Supp. 1992)), and being a felon in possession of a firearm (18 U.S.C.A. § 924(g)(1), (a)(2) (West Supp. 1992)). He appeals the sentence imposed, contending that the district court erroneously believed it lacked authority to depart downward. We affirm.
 
 
 2
 While Wilder was awaiting sentencing, he shared a cell with a federal pre-trial detainee who was charged with two bank robberies as well as firearms charges and was expecting a forty-year sentence although he was a first-time offender. The cellmate became depressed and suicidal. At Wilder's sentencing hearing, he presented to the court a letter written by the former cellmate which described how Wilder had counseled him against suicide and made sure that other inmates did not harass him. Although the cellmate later attempted suicide anyway, he was grateful for Wilder's concern and consideration. Wilder moved for a downward departure under guideline section 2K2.0* for his humanitarian act of trying to dissuade his cellmate from a suicide attempt and helping him come to terms with his legal situation. The district court declined to depart, finding that Wilder had done what normally would be expected of him, and that it was the kind of thing which had been considered by the Sentencing Commission.
 
 
 3
 Wilder argues on appeal that resentencing is required because the district court erred in thinking it could not depart on this ground. See United States v. Wilson, 896 F.2d 856 (4th Cir. 1990). We find no error. The Sentencing Commission considered a defendant's good works and charitable service to others and decided that these are not factors which should ordinarily warrant a departure. U.S.S.G. § 5H1.11, p.s. The district court correctly decided that Wilder's commendable action was a factor which had been adequately considered by the Sentencing Commission. It found no extraordinary circumstance and decided not to depart.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)